THE MERCHANTS' BANK OF CANADA, RESPONDENT, *v.* NELSON HOLLAND, IMPLEADED WITH DILLON BEEBE, APPELLANT.

*Partnership — authority to act in name of firm obtained by fraud — fraud no defense.*

APPEAL from a judgment entered upon the report of a referee in favor of the plaintiff.

A was engaged in business with B and C as copartners under the name of A & Co. Unknown to B and C, A entered into and carried on another independent business under the name of A & Co. Afterward, on the discovery of this fact, an agreement was entered into between A and B providing for a dissolution of the partnership existing between them, in which settlement the independent business carried on by A was included, but was so included by reason of false statements made by A to B in relation thereto. It was provided in the settlement that each party was authorized to use the name of the firm in liquidation, and in making such commercial paper as might be necessary to renew such as already existed or to complete the contracts already made, but no renewals to be made except by the consent of both parties in writing. After the settlement was made, A continued the independent business,

and the drafts, to recover upon the acceptances of which this action was brought, were drawn upon A & Co., and accepted or indorsed by A in the name of A & Co., but related to such separate, independent business. The plaintiff had been falsely informed by A, prior to the settlement, that B was one of the firm carrying on the independent business, but said plaintiff never saw, knew or had any notice of the settlement or the provisions thereof. It was *held*, that B was liable; and that, as after the settlement A had authority by its terms to bind him, it was of no consequence whether the plaintiff knew of such authority or not; that the fraud of A, by which the settlement was obtained, could not be set up by B as against the plaintiff.

*Wm. H. Greene*, for the appellant.

*E. C. Sprague*, for the respondent.

Opinion by Morgan, J.

Present — Mullin, P. J., Smith and Morgan, JJ.

Judgment affirmed.